AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

**SEALED**

United States of America
v.
JASON BOYET

Defendant(s)

Case No. 20-32 MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   February 10, 2020   in the parish of   Tangipahoa   in the
  Eastern   District of   Louisiana  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual exploitation of children |
| 18 U.S.C. § 2252(a)(2) | Certain activities relating to material involving the sexual exploitation of minors |

This criminal complaint is based on these facts:

See attached Affidavit.

___ Fee____
X  Process 2CC : USMS
X  Dktd____
___ CtRmDep____
___ Doc. No.____

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Mallory Farrar, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 02/14/2020

_____
Judge's signature

City and state:   New Orleans, Louisiana     Hon. Dana M. Douglas, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEALED**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 20-32 MAG** |
| v. | * | **SECTION:  MAGISTRATE** |
| **JASON BOYET** | * | |

\*   \*   \*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Mallory Farrar, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been since July 2018.  I am currently assigned to the New Orleans Field Office Violent Crimes Against Children Squad.  I have received extensive training in criminal investigations and I have participated in the execution of search warrants, the execution of arrest warrants, and interviews of persons involved in criminal offenses, including, but not limited to, Title 18, United States Code (U.S.C.), Sections 2251, 2252, and 2252A, which criminalize, among other things, the production, possession, receipt, and transmission of visual depictions of the sexual exploitation of children.

## OVERVIEW AND PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a criminal complaint charging Jason Boyet ("Boyet") with production and distribution of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(2).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2251(a) and 2252(a)(2) have been committed by Boyet.

## PROBABLE CAUSE

5. Based on my training and experience, I am aware that a specific messaging application (hereafter "Messaging Application 1") is a freeware instant messaging mobile application that can be used on iOS and Android operating systems. Messaging Application 1 uses a smartphone's data plan or Wi-Fi to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content after users register a username. Messaging Application 1 is known for its features preserving users' anonymity, such as allowing users to register without providing a telephone number.

6. In December 2019, an FBI SA located in Texas, was operating in an undercover capacity as an Online Covert Employee, hereinafter referred to as OCE 1, while logged into Messaging Application 1. Based on the name and topics discussed among group members, which included OCE 1, of several of the chat groups on Messaging Application 1, probable cause exists

2

to conclude that the group members shared an interest in child pornography and that a major focus of the groups' participation was to discuss and shared depictions of children being sexually exploited.

7.  While logged into a chat group on Messaging Application 1, OCE 1 and a participant using a specific username (hereafter "Username1") discussed OCE 1's purported 10-year-old daughter and Username1's daughters, who, according to Username1, were 3 and 11 years old.

8.  In December 2019 and January 2020, OCE 1 and Username1 engaged in chats in which they discussed Username1's children. Username1 posted clothed photos of girls, which Username1 indicated were his daughters.

9.  On February 7, 2020, the following conversation occurred in the chat group:

OCE 1: Can't remember you active with yours?

Username1: little touch with the little one. You are??

OCE 1: Some rubbin and kissin. She's adorable AF your little one

Username1: Cool. Thanks

OCE 1: Ever take any naughties

Username1: Sometimes. U?

OCE 1: Occasionally lol

10.  On February 10, 2020, Username1 posted in the chat group a sexually explicit image of a prepubescent female, nude, sitting on the floor with her legs spread, exposing her genitals. The child had blonde hair and appeared to be holding a diaper. The following conversation ensued:

Username1: Snapped that of the little earlier

OCE 1: Mmmmm nice. That little bit?

Username1: Yes

OCE 1: Noice

11.     During the conversation in the chat group on February 10, 2020, Username1 requested a photo of OCE 1's purported daughter. OCE 1 responded by sending Username1 an image, not of a real child, which depicted a juvenile female with freckles. Thereafter, the following conversation transpired:

Username1: I want to lick every freckle

OCE 1: Uh huh. Can't remember you active with yours? Lick yours?

Username1: Yum. Touch with the little one. I bet yours tastes amazing

OCE 1: Oh yah. With little bit lol

Username1: Yep

OCE 1: Ever taste yours?

Username1: hmm…maybe

Identification

12.     On February 11, 2020, an exigent request was sent to Messaging Application 1, requesting an IP address for Username1. Messaging Application 1 provided an IP address log covering the time period that Username1 was in communication with the FBI OCE. The IP log consisted of one IP address that was used when Username1 sent the sexually explicit image of the prepubescent female to OCE 1.

13.     On February 11, 2020, Agents obtained from AT&T the subscriber information for the aforementioned IP address and received the following response:

4

      a. Subscriber Name: Jason Boyet

      b. Subscriber Address: 28484 Spring Clover Street, Ponchatoula, LA 70454

14. Open source and social media searches revealed Boyet has three children, including two daughters who appear to be the approximate ages as Username1 described in the chat, and a son who appears to be approximately ten years old.

15. The search warrant for the above residence was signed on February 11, 2020. The search warrant was executed on February 12, 2020. Boyet was called to his place of employment, Louisiana State Police Troop L, located at 2600 North Causeway Blvd, Mandeville, Louisiana 70471.

16. While the search warrant was executed, Special Agents interviewed Boyet at Troop L. Affiant advised Boyet of his *Miranda* rights, via the FBI Advice of Rights form, which Boyet verbally stated he understood and then signed the form. Boyet then waived those rights and agreed to participate in an interview with FBI Agents.

17. During the interview that followed, Boyet made multiple statements, including providing the following pertinent information:

      a. He had been using Messaging Application 1 for approximately the last year.

      b. He only ever had one account on the Messaging Application 1, which was the same username described above as Username1.

      c. Boyet stated he has three children: two girls and one boy. His oldest daughter is 11 and his youngest daughter is 3.

      d. When he joined Messaging Application 1, Boyet found and joined chat groups by searching for terms like "daughter" and "panties."

  e. Boyet was approached by other members of those groups to join private, unsearchable groups and to join private, direct message conversations. The private chats and private groups were created to talk about and trade pornographic pictures and videos of children, including members' daughters.

  f. Boyet stated that some of the chat groups required him to prove he had daughters or that he was telling the truth about his daughters by sending pictures of them in the groups. He sent both clothed and pornographic pictures of his daughters as proof to stay in the groups and just in the course of being a group member.

  g. Boyet was unsure how many pictures he sent of his daughters in the various chat groups.

18. Based upon the above information, probable cause exists to conclude that: Jason Boyet engaged production of child pornography, in violation of 18 U.S.C. §§ 2251(a), in that he employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction will be transported and transmitted using a means and facility of interstate commerce, and such visual depiction has actually been transported and transmitted using a means and facility of interstate commerce; and Jason Boyet engaged distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), in that he knowingly distributed a visual depiction using a means and facility of interstate commerce and the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and said visual depiction was of such conduct.

I hereby swear that the information contained in this affidavit is true and correct to the best of my knowledge.

Respectfully submitted,

*Mallory Farrar*
Mallory Farrar
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me, this 14th day of February, 2020.

*Dana M. Douglas*
HONORABLE DANA M. DOUGLAS
UNITED STATES MAGISTRATE JUDGE